# United States Court of Appeals
## For the First Circuit

No. 19-1368

JOHN DOE,

Petitioner, Appellee,

v.

STEVEN W. TOMPKINS, Suffolk County Sheriff; YOLANDA SMITH,
Superintendent of Suffolk County Correctional Facility; TODD M.
LYONS, Immigration and Customs Enforcement, Enforcement and
Removal Operations, Acting Field Office Director,

Respondents, Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before

Lynch, Lipez, and Kayatta,
Circuit Judges.

Huy M. Le, Trial Attorney, with whom Joseph H. Hunt, Assistant
Attorney General, Civil Division, William C. Peachey, Director,
Office of Immigration Litigation, Colin A. Kisor, Deputy Director,
Elianis N. Perez, Assistant Director, Lauren Fascett, Senior
Litigation Counsel, and C. Frederick Sheffield, Senior Litigation
Counsel, were on brief, for appellants.
Mary P. Holper, with whom Boston College Legal Services LAB
Immigration Clinic was on brief, for appellee.
Jerome P. Mayer-Cantú on brief for 34 Retired Immigration
Judges and Former Members of the Board of Immigration Appeals,
amici curiae.
Ragini N. Shah, Suffolk University Law School Immigration

Clinic, Sarah Sherman-Stokes, and Boston University School of Law Immigrants' Rights and Human Trafficking Program, on brief for American Immigration Lawyers' Association, New England Chapter, Suffolk University Law School, and Boston University School of Law, amici curiae.

---

August 26, 2021

---

**KAYATTA**, <u>Circuit Judge</u>.  Petitioner John Doe, a native and citizen of El Salvador, was detained by the government under 8 U.S.C. § 1226(a), which provides for the discretionary detention of noncitizens pending removal proceedings.  Doe was denied bond at a hearing before an immigration judge (IJ) who, consistent with immigration regulations, placed the burden on Doe to prove he was neither a danger to the community nor a flight risk.  <u>See</u> <u>Matter of Guerra</u>, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).  Doe subsequently filed a petition for a writ of habeas corpus in the United States District Court for the District of Massachusetts.  He argued, among other things, that the Due Process Clause of the Fifth Amendment requires the government, not him, to bear the burden of proof at his bond hearing.  The district court agreed.  It also found that that misallocation of the burden of proof was prejudicial.  The district court therefore ordered the IJ to conduct a new bond hearing at which the government would bear the burden of proof.

This appeal followed.  The government does not challenge the district court's finding that the allocation of the burden of proof, if improper, caused Doe prejudice.  Rather, the government rests its appeal on its contention that the IJ properly allocated the burden of proof.

For the reasons stated in <u>Hernandez-Lara</u> v. <u>Lyons</u>, No. 19-2019, 2021 WL 3674032 (1st Cir. Aug. 19, 2021), we agree with the district court's conclusion that Doe is entitled to a new

hearing before an IJ at which the government will bear the burden of proving either dangerousness or flight risk in order to continue detaining Doe. Normally, we would consider a remand to clarify more precisely the extent of that burden. That clarification, though, is provided by our decision in Hernandez-Lara. In order to continue detaining a noncitizen under section 1226(a), the government must either (1) prove by clear and convincing evidence that a noncitizen poses a danger to the community or (2) prove by a preponderance of the evidence that a noncitizen poses a flight risk. Id. at *16.

That leaves one loose end. The district court also ordered that the IJ must "consider alternative methods to ensure the safety of the community and Doe's future appearances like GPS monitoring." The government targets no argument at this requirement. Doe likewise makes no argument concerning it. We therefore consider any challenge to that part of the district court's order in this particular case waived and offer no view concerning it either way. See, e.g., United States v. Delgado-Marrero, 744 F.3d 167, 200 n.33 (1st Cir. 2014).

The decision of the district court is affirmed with instructions to enter judgment in favor of Doe in accordance with this opinion.

**- Dissenting Opinion Follows -**

- 4 -

**LYNCH**, **Circuit Judge, dissenting**.  For the same reasons as I gave in dissenting in Hernandez-Lara v. Lyons, I respectfully dissent.  No. 19-2019, 2021 WL 3674032, at *19-31 (1st Cir. Aug. 19, 2021).

Until there is a disposition of a petition for rehearing en banc, the mandate cannot issue in Hernandez-Lara, so I do not consider that decision final.  See Fed. R. App. P. 41(b) (mandate issues seven days after expiration of time to file or denial of motion for rehearing).  And the government will probably file petitions for rehearing en banc in both Hernandez-Lara and this case.  The cases meet all the criteria for en banc review.  They "conflict[] with a decision of the United States Supreme Court." Fed. R. App. P. 35(b)(1)(A); see Hernandez-Lara 2021 WL 3674032, at *25-26, 28-29 (Lynch, J., dissenting).  And they "involve[] one or more questions of exceptional importance,"  Fed. R. App. P. 35(b)(1)(B), for at least three reasons.  The decisions announce an important and novel legal conclusion. See Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16, 18 (1st Cir. 2006) (en banc review granted to "answer a challenging question of first impression"); B. Garner, et al., The Law of Judicial Precedent 499 n.19 (2016) (collecting cases).  The decisions "conflict[] with those of our sister circuits on a question of national importance." Hernandez-Lara, 2021 WL 3674032, at *30 (Lynch, J., dissenting) (citing Borbot v. Warden Hudson Cty. Corr. Facility, 906 F.3d 274

- 5 -

(3d Cir. 2018)); see Garner, supra, at 499 n.20 (collecting cases). And the decisions involve a recurring issue that will affect thousands of individual bond hearings. See Garner, supra, at 503 n.41 (collecting cases). Accordingly, not only is the government likely to seek further review, further review is merited. See also Hernandez-Lara, 2021 WL 3674032, at *30 (Lynch, J., dissenting) (discussing certworthiness of decision).

Finally, I note that nothing about Doe's case entitles him to any greater relief than my dissent in Hernandez-Lara would have afforded him under the Administrative Procedure Act. There is no exception to the well-settled rule of constitutional avoidance that a court may not reach constitutional issues in order to provide a broader remedy when a narrower statutory remedy provides a plaintiff with relief. Jean v. Nelson, 472 U.S. 846, 854–55 (1985); see Ashwander v. TVA, 297 U.S. 288, 346–47 (1936) (Brandeis, J., concurring).

For these reasons, I respectfully dissent.