NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ISMAEL CANAS HERRERA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   20-71834 <br><br> Agency No. A209-226-702 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022<sup>**</sup>
San Francisco, California

Before: O'SCANNLAIN and BUMATAY, Circuit Judges, and BAKER,<sup>***</sup> International Trade Judge.

Victor Ismael Canas Herrera, a citizen of El Salvador, petitions for review of

a Board of Immigration Appeals (BIA) decision dismissing his appeal from the order

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

of an Immigration Judge (IJ) denying his application for asylum and withholding of removal.[1] We review the legal question of whether a particular social group is cognizable de novo and we review the agency's factual findings for substantial evidence. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020); *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To be eligible for asylum or withholding of removal, applicants must establish a nexus between the persecution suffered and a protected ground, such as "nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (asylum); 8 U.S.C. § 1231(b)(3)(A) (withholding of removal); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017).

Before the IJ, Canas Herrera sought asylum and withholding based on political opinion and membership in a particular social group he identified as "[y]oung men who are sought by criminal organizations to participate in their groups and gangs." The IJ found that Canas Herrera failed to show he was harmed based on political opinion or membership in a cognizable particular social group. On appeal to the BIA, rather than contesting the IJ's finding that he failed to claim membership

---

[1] Canas Herrera initially sought protection under the Convention Against Torture (CAT). But the BIA found that Canas Herrera failed to exhaust any challenge to the denial of CAT relief and deemed it waived. Canas Herrera does not challenge that decision on appeal, and we do not address it.

in a "cognizable particular social group," Canas Herrera instead claimed membership in two new particular social groups: (1) "returning aliens from the US who will be visible targets of extortion, criminality, forced recruitment into gangs" and (2) "assimilated recent deportees." The BIA found Canas Herrera's arguments about these two new social groups to be barred because of his failure to raise them before the IJ.

On petition to this court, Canas Herrera fails to challenge the BIA's finding of waiver—he simply repeats the same arguments he made to the BIA. We therefore hold that the BIA did not err in declining to consider Canas Herrera's claims based on his two newly articulated particular social groups. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (the BIA did not err in declining to consider proposed social groups raised for the first time on appeal).[2]

Since Canas Herrera fails to meaningfully challenge the IJ's determination that he lacked a political opinion or a "cognizable particular social group" before this court, we deem those issues waived. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th

---

[2] In his briefing before the BIA, Canas Herrera seemingly proposed yet another particular social group—"parties like the Respondent who have lived in the US for decades and are thoroughly assimilated to the US, like this long-time Lawful Resident." Canas Herrera does not address, and therefore waives, any argument that the BIA failed to consider this particular social group. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

1133, 1135–37 (9th Cir. 2021) (en banc). Canas Herrera does challenge the agency's determination that the past harm he experienced did not rise to the level of persecution. We need not address this issue since he fails to appeal the alternative and dispositive reason for denying asylum and withholding of removal—that he lacked a protected ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED.**