Petrova v. Garland
BIA
Conroy, IJ
A202 042 704/05

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-three.

PRESENT:
RICHARD J. SULLIVAN,
MYRNA PÉREZ,
ALISON J. NATHAN,
        *Circuit Judges.*

_____

ANGELINA PETROVA, ILIA GURASPISHVILI,
        *Petitioners,*

v.                                                    20-1941
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:            Alexander J. Segal, Esq., New York, NY.

FOR RESPONDENT:             Brian Boynton, Acting Assistant

Attorney General; Kohsei Ugumori, Holly M. Smith, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Angelina Petrova and Ilia Guraspishvili, citizens of Georgia, seek review of a May 27, 2020 decision of the BIA affirming a July 12, 2018 decision of an Immigration Judge ("IJ") denying Petrova's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"),[1] on which Guraspishvili was listed as a derivative asylum applicant. *In re Angelina Petrova, Ilia Guraspishvili,* Nos. A 202 042 704/05 (B.I.A. May 27, 2020), *aff'g* Nos. A 202 042 704/05 (Immigr. Ct. N.Y.C. July 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] Petrova does not raise her CAT claim in this court or challenge the BIA's denial of her motion to remand.

## Standard of Review

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## Legal Standard

To establish eligibility for asylum, an applicant must establish that he or she has suffered past persecution or has a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b). "To qualify as persecution[,] the conduct at issue must be attributable to the government [of the country of removal], whether directly because engaged in by government officials, or indirectly

because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114-15 (2d Cir. 2021) (internal quotation marks omitted).

## Discussion

Petrova challenges two findings by the agency. As relevant to past persecution, she challenges the finding that she failed to meet her burden of showing that the Georgian government was unwilling or unable to protect her. As relevant to her well-founded fear of future persecution, she challenges the finding that her alleged persecutors were motivated by criminal desires rather than her ethnicity. We conclude that substantial evidence supports both of the agency's challenged findings, and accordingly, we deny the petition for review. 8 U.S.C. § 1252(b)(4)(B).

4

## I.    Past Persecution

Petrova claimed that Guraspishvili's ethnically Georgian family abused her on account of her Russian ethnicity, and that such abuse was indirectly attributable to the Georgian government because it was unable or unwilling to protect her. The agency found that Petrova did not establish that Georgian authorities were unwilling or unable to protect her, citing (1) the fact that she had never reported the abuse by Guraspishvili's family to the police and (2) the insufficiency of evidence substantiating Petrova's belief that the police would be unwilling to intervene.  An applicant's failure to report mistreatment is not fatal to her application, but absent such reporting, there must be other evidence establishing the government's unwillingness or inability to protect.  *See Pan*, 777 F.3d at 544–45.  Petrova did not produce country-conditions evidence addressing police responses to reports of violence, much less evidence that the police treat ethnic Russians differently than other victims. Therefore, we are not "compelled to conclude to the contrary" of the agency's determination.  8 U.S.C. § 1252(b)(4)(B).

5

## II.     Future Persecution

Petrova argues that the agency failed to consider the harm her father had experienced at the hands of Shalva Obgaidze and Georgian government officials as evidence that the authorities would be unwilling to protect her from future persecution. The agency did consider this evidence, but expressly found that Obgaidze's threats to Petrova's family were not indicative of Georgian authorities' unwillingness or inability to protect Petrova from persecution of ethnic Russians. Indeed, Obgaidze himself appears to have been motivated by his desire to take over Petrova's father's business, rather than any animus related to her family's membership in a group of "highly successful ethnic Russians." Certified Admin. Record at 100–01; *see, e.g.*, *Pucha Quituizaca v. Garland*, 52 F.4th 103, 115 (2d Cir. 2022) (upholding agency's finding that, when asylum applicant was robbed by gang members of a different ethnicity, there was a "greater probability that the gang was motivated to harm him based on [the pecuniary] incentives presented to ordinary criminals[,] rather than [ethnically motivated] persecution" (internal quotation marks omitted)). Letters from Petrova's

father and brother describe Obgaidze's actions against them as part of his effort to take over their businesses. The only evidence that Obgaidze was motivated by the family's Russian ethnicity is the testimony from Petrova and her brother. But neither provided a reason why they believed the harm was on account of their ethnicity, and Petrova did not submit any evidence to corroborate that belief. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, either "direct or circumstantial").

The record further supports the agency's conclusion that Petrova failed to establish that the Georgian police – either due to Obgaidze's influence or otherwise – would be unwilling or unable to protect her. In fact, Petrova offered no evidence that the police persecute ethnic Russians or stand by while they are abused by others. To be sure, the evidence includes reports of anti-Russian sentiment in Georgian society at large, but those reports nowhere indicate that police are targeting individuals on account of their ethnicity or refusing to aid ethnic Russians who seek police protection. Accordingly, we do not disturb the agency's finding that Petrova did not establish past persecution or a

7

well-founded fear of future persecution. *See Singh*, 11 F.4th at 114–15.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court