**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MONICA RAMIREZ-RINCON; NICOLAS
ALEXIS ORTEGA-RAMIREZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2907

Agency Nos.
A220-764-570
A220-764-571

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2025[**]
Seattle, Washington

Before: HAWKINS, CLIFTON, and BENNETT, Circuit Judges.

Monica Marcela Ramirez-Rincon and her son Nicolas Alexis Ortega-

Ramirez, natives and citizens of Colombia, petition for review of the Board of

Immigration Appeals' (BIA) dismissal of their appeal of an Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

When the BIA "reviewed the IJ's credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion, we review the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's decision in support of those reasons." *Kumar v. Garland*, 18 F.4th 1148, 1152-53 (9th Cir. 2021) (citation modified).

"Taking the totality of the circumstances into account, we review the BIA's [adverse] credibility determination for substantial evidence." *Id.* at 1153. "We review for substantial evidence the BIA's determination that [an applicant] is not eligible for protection under CAT." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).

1. Substantial evidence supported the IJ's adverse credibility finding based on inconsistencies between Ramirez-Rincon's testimony and a letter from Miyer Alexis Ortega Piñeros, Ramirez-Rincon's husband. Inconsistent statements can support an adverse credibility finding when they relate to a "petitioner's veracity," we have explained. *Id.* at 1044. The IJ must consider relevant factors "under the totality of the circumstances in assessing credibility." *Alam v. Garland*, 11 F.4th

1133, 1135 (9th Cir. 2021) (citing 8 U.S.C. § 1158(b)(1)(B)(iii)).

The BIA and IJ identified inconsistencies in Petitioners' account of their past persecution. Ramirez-Rincon said that guerillas had threatened her and her family over repeated phone calls, attacked her son, Ortega-Ramirez, on his way home from school, though they had never recruited him to join their gangs. In contrast, Ortega's letter did not mention these accounts and said that Ortega-Ramirez *had* been recruited by gang members. The inconsistencies between Ramirez-Rincon's account and her husband's "concerned [her] contention that . . . [she] will be persecuted," which means that they were "not trivial" here. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

"An IJ must consider and address all plausible and reasonable explanations for any inconsistencies that form the basis of an adverse credibility determination." *Zhi v. Holder*, 751 F.3d 1088, 1092-93 (9th Cir. 2014) (citation modified). The BIA permissibly held that Ramirez-Rincon had not adequately explained why her account differed from her husband's. At first, Ramirez-Rincon said that she "didn't think" to ask Ortega to revise his letter but then later said that he "didn't want to modify the letter." Neither "plausibly explain[s]" the discrepancies between the spouses' accounts. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 749 (9th Cir. 2022); *see id.* at 748-51 (denying applicant's challenge to adverse credibility finding where applicant said he did not know "why he previously expressed no fear

of returning to Mexico").

Therefore, substantial evidence based on the "totality of the circumstances" supported the adverse credibility finding. As a result, we deny the Petitioners' petition for review as to the denial of asylum and withholding of removal because Ramirez-Rincon's testimony was the factual basis for those claims.

2. Substantial evidence also supports the BIA's dismissal of Petitioners' appeal of the IJ's denial of protection under the CAT. An adverse credibility finding, we have said, "is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. But other evidence besides the noncredible testimony must compel reversal under substantial evidence review here. *Id.* at 1048-49; *see also Mukulumbutu*, 977 F.3d at 927.

Substantial evidence supported BIA's dismissal here. The BIA and IJ considered Petitioners' country conditions evidence, which established that Colombian soldiers can face danger from guerillas but not that Petitioners specifically are likely to be tortured with the consent or acquiescence of a public official. *See Mukulumbutu*, 977 F.3d at 927-28.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.