Chen v. Bondi

BIA
Loprest, IJ
A209 169 701

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th of August, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

JIAN CHEN,
> *Petitioner,*

> v.                                                        **23-6508**
> **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Gerald Karikari, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Lindsay Glauner, Senior Litigation Counsel; Giovanni B. Di Maggio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Chen, a native and citizen of the People's Republic of China, seeks review of a May 5, 2023, decision of the BIA affirming a July 31, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Chen*, No. A 209 169 701 (B.I.A. May 5, 2023), *aff'g* No. A 209 169 701 (Immigr. Ct. N.Y.C. July 31, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Singh v. Bondi*, 139 F.4th 189, 196 (2d Cir. 2025) (quoting *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023)). "When the decision of the BIA is consistent with the decision of the IJ, we may consider both decisions 'for the sake of completeness.'" *Singh v. Garland*, 11 F.4th

2

106, 112 (2d Cir. 2021) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). In doing so, "[w]e review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard" and "review *de novo* questions of law and the application of law to fact." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on … the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record …, and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

In this case, inconsistencies between Chen's border and credible fear interviews and his testimony as to why he came to the United States and when he attended church in China—as well as a lack of reliable corroboration—provide substantial evidence for the agency's adverse credibility determination. As the agency found, Chen's answers in his border interview were inconsistent with his claims for relief and thus supported the adverse credibility determination. See 8 U.S.C. § 1158(b)(1)(B)(iii). Chen stated in his border interview that he came to the United States to find work, that he had no fear of returning to China, and that he would not be harmed there. These statements contradict his claims and testimony that he was persecuted by the police and would be harmed in China as a Christian. As the government argues, Chen does not challenge the agency's findings that the border interview was reliable or that the inconsistent answers therein undermined his credibility, so any such challenge is abandoned. See Debique v. Garland, 58 F.4th 676, 684 (2d Cir. 2023).

The agency also reasonably found that Chen's answers in his credible fear interview were inconsistent with his testimony and thus supported the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). Chen stated in his credible fear interview that he attended a house church on February 21, 2016, and February 29, 2016. But he testified inconsistently that he did not attend any house church gatherings after his 2015 arrest. The agency was not compelled to accept Chen's

4

explanations that he did not remember giving the answers, that the interpreter must have misunderstood, and that his emotional state and youth excused the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (internal quotation marks omitted).

Moreover, having questioned Chen's credibility, the agency reasonably relied on Chen's failure to corroborate his claim. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency did not err in declining to give weight to letters from his mother and friend because they were not available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (noting that "the IJ acted within her discretion" by according "little weight" to letters from the petitioner's wife and an associate because "neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). As the government observes, Chen does not raise and has thus abandoned any challenge

to the agency's determination that an unsigned letter from his school also merited diminished weight. *See Debique*, 58 F.4th at 684.

In sum, the inconsistencies and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of claims for all three forms of relief insofar as the claims were based on Chen's religious practice in China. *See Hong Fei Gao*, 891 F.3d at 76.

Because Chen was not credible as to his claim that Chinese officials had persecuted him and wanted to arrest him for his past religious activities, he had the burden to establish a well-founded fear of persecution based on his religious practice in the United States by showing either a reasonable possibility that he would be singled out for persecution or a pattern or practice of persecution of similarly situated Christians. *See* 8 C.F.R. § 1208.13(b)(2)(iii). He does not specifically challenge the agency's finding that he failed to establish that he will be singled out for persecution by showing that Chinese officials are aware or likely to become aware of his religious practice. Rather, he argues only that he established a pattern or practice of persecution. But the agency did not err in finding that the State Department's 2017 International Religious Freedom Report, which shows that tens of millions of Christians practice their religion in China and that religious regulations vary by province, did not show the "systemic or

pervasive" persecution of similarly situated Christians sufficient to demonstrate a pattern and practice of persecution in China. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group); *see also Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009). Because Chen failed to demonstrate a well-founded fear of persecution on account of his current religious practice, the agency did not err in denying asylum, withholding of removal, and CAT relief to that extent. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court