Palacios-Gomez v. Garland

BIA
Hochul, IJ
A202 030 635

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

FREDY MARCONI PALACIOS-GOMEZ,
> *Petitioner*,

v.                                                                              **22-6166**
                                                                                **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Jose Perez, Law Offices of Jose Perez, P.C., Syracuse, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Margot L. Carter, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fredy Marconi Palacios-Gomez, a native and citizen of Guatemala, seeks review of a March 10, 2022, decision of the BIA affirming an April 1, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fredy Marconi Palacios-Gomez*, No. A202 030 635 (B.I.A. Mar. 10, 2022), *aff'g* No. A202 030 635 (Immigr. Ct. Buffalo Apr. 1, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023) (internal quotation marks omitted). Nevertheless,

2

we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Congress has specified that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. … By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

An asylum applicant has the burden to establish past persecution or a well-founded fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a), (b). The agency concluded that Palacios-Gomez failed to meet his burden of proof for asylum, withholding of removal, and CAT relief based on his claim that he worked as a publicist for the Unity of Hope political party, received one anonymous note, and was approached once in person by an unknown man with a gun.

3

Palacios-Gomez has abandoned any challenge to the agency's conclusion that he did not demonstrate past persecution because he does not challenge that conclusion in his brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.") (internal quotation marks omitted).[1]

Absent past persecution, Palacios-Gomez had the burden to demonstrate a "well-founded fear of future persecution." 8 C.F.R. § 1208.13(b). To establish that a fear is well-founded, the applicant must show both a subjective "fear of persecution in his or her country of nationality" and that "[t]here is a reasonable possibility of suffering such persecution if he or she were to return to that country." *Id.* § 1208.13(b)(2)(i). In addition, an applicant must show that a protected ground would be "at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i).

---

[1] Were we to reach the issue, we would decide that the agency reasonably concluded that petitioner did not experience harm rising to the level of past persecution. Persecution is "an extreme concept that does not include every sort of treatment our society regards offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). The unfulfilled and vague threats that Palacios-Gomez received are generally insufficient to establish past persecution. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 406–07 (2d Cir. 2014*)* (collecting cases).

Palacios-Gomez argues that the IJ erroneously found inconsistencies in his testimony and insufficient evidence of a nexus between the harm he suffered or feared and a protected ground. However, he does not challenge the dispositive finding that he failed to establish a well-founded fear of future persecution, i.e., that he did not establish an objectively reasonable possibility that he would be persecuted if he returned to Guatemala. Accordingly, he has abandoned a dispositive basis for the denial of relief. *See Debique,* 58 F.4th at 684.[2]

Because Palacios-Gomez's asylum, withholding of removal, and CAT claims all rested on the same factual basis, this abandonment is dispositive of all forms of relief, and we do not reach the IJ's alternative findings. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010) (holding that an applicant who fails to establish fear of harm required for asylum "necessarily" fails to meet higher standards for withholding of removal and CAT relief); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)

---

[2] Were we to reach the issue, we would decide that the agency reasonably concluded that Palacios-Gomez failed to establish a well-founded fear of future persecution given the absence of evidence about who sent the note, any political connections of the man with a gun, political violence in Guatemala generally, or the contents of subsequent notes. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record … [an applicant's] fear is speculative at best."); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>