22-6587
Lin v. Garland

BIA
Norkin, IJ
A209 836 227

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of January, two thousand twenty-five.

PRESENT:
>       ROBERT D. SACK,
>       DENNY CHIN,
>       STEVEN J. MENASHI,
>             *Circuit Judges.*

_____

ZHI BIN LIN,
>       *Petitioner,*

>       v.                                                 **22-6587**
>                                                          **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:                 Troy Nader Moslemi, Esq., Flushing, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Nancy E. Friedman, Senior Litigation Counsel; Kevin J. Conway, Trial Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Bin Lin, a native and citizen of the People's Republic of China, seeks review of a December 6, 2022, decision of the BIA affirming an October 5, 2021, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Bin Lin*, No. A 209 836 227 (B.I.A. Dec. 6, 2022), *aff'g* No. A 209 836 227 (Immig. Ct. N.Y. City Oct. 5, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023) (internal quotation marks omitted). Accordingly, while we review both the IJ's and the BIA's decisions "for the sake of completeness," *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2

2006), we do not consider the findings of the IJ on which the BIA did not rely, *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review fact-finding, including an adverse credibility determination, "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility

3

determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's conclusion that Lin was not credible. The BIA affirmed the adverse credibility determination based on Lin's demeanor, responsiveness, lack of detail, and implausible and contradictory statements, all of which may factor into an adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Shunfu Li v. Mukasey*, 529 F.3d 141, 147–48 (2d Cir. 2008) (explaining that "a fact finder may understandably find detailed testimony more convincing than vague testimony" and may rely on such vagueness if "government counsel or the IJ first attempts to solicit more detail from the alien").

First, we defer to the IJ's demeanor findings "in recognition of the fact that the IJ's ability to observe the witness's demeanor places h[im] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). Moreover, the record supports the demeanor finding. For example, Lin did not know whose house the church services in China were in and he required

4

repeated and pointed questioning to provide details about his faith; his testimony about his departure from China was vague and contradictory, in that he testified that his parents were poor farmers but that his father obtained $30,000 to smuggle him out of China, and he was inconsistent about whether he knew who his father obtained the money from; and he could not name the individual who paid the bond for his release form immigration detention. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations of an applicant's demeanor . . . where they are supported by specific examples of inconsistent testimony.").

Second, the agency reasonably found Lin's testimony about his church in China implausible. It is "well settled" that the agency may consider whether an applicant's "story" is inherently implausible in assessing credibility, and we will uphold a finding of implausibility if it is "tethered to record evidence and there is nothing else in the record from which a firm conviction of error could properly be derived." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66–67 (2d Cir. 2007). The agency's implausibility findings are tethered to the record as the country conditions evidence describes the authorities as targeting large churches, not gatherings of 12 or 13 people such as those Lin purportedly attended, the evidence includes no

5

examples of similar incidents in Lin's area of China, and Lin could not name anyone with whom he attended church—other than the friend who introduced him to the church—despite attending 20 times. *See Wensheng Yan*, 509 F.3d at 67.

Third, the agency reasonably relied on the lack of reliable corroboration as further support for the adverse credibility determination. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably afforded little weight to affidavits from Lin's father and a friend in China because the declarants were not available for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that an "IJ acted within her discretion in according . . . little weight [to affidavits] because the declarants (particularly [the petitioner's] wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Lin offered no other evidence to corroborate his arrest or injuries, and his country conditions evidence did not show government oppression of religion in his province around the time of his

6

alleged arrest and detention.

In sum, taken together, the demeanor issues, inconsistency, implausibility, and lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (quotation marks omitted)). The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76.

As a final matter, Lin appears to assert that the agency insufficiently considered his continued practice of Christianity in the United States. "[A]n applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible.*" *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (emphasis in original). Lin's fear of future persecution is not independent of the adverse credibility determination because he was found not to be credible regarding past

7

persecution, which was the only basis for his fear of being "singled out individually" for persecution, and Lin concedes here that the record does not reflect a "pattern or practice" of persecution. 8 C.F.R. § 1208.13(b)(2)(iii) (providing that applicant can show a well-founded fear if he would be "singled out individually for persecution" or if there is a "pattern or practice" of persecution of "persons similarly situated").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court