20-1673-ag
*Singh Bhagtana v. Garland*

# In the
# United States Court of Appeals
## for the Second Circuit

---

AUGUST TERM 2023

No. 20-1673-ag

BALJINDER SINGH BHAGTANA,
*Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

---

On Appeal from the Board of Immigration Appeals

---

ARGUED: SEPTEMBER 7, 2023
DECIDED: DECEMBER 5, 2023
AMENDED: FEBRUARY 22, 2024

---

Before: LIVINGSTON, *Chief Judge*, CABRANES, and KAHN, *Circuit Judges*.

---

This case presents the question of whether the Government rebutted the presumption of future persecution in an asylum case by establishing that Petitioner could safely relocate within his home country of India. Petitioner Singh Bhagtana claims that he was persecuted by members of the Bharatiya Janata Party ("BJP"), the governing party in India, because of his support for the Shiromani Akali Dal Amritsar or "Mann" Party, and because he is Sikh. He claims that he was attacked by BJP members on three occasions, which led him to relocate to other parts of India: first Patiala, then Gurgaon. Singh Bhagtana alleges that, although he was free from harm in those two towns, it was because he was living in hiding.

Both the Immigration Judge and the Board of Immigration Appeals found that Singh Bhagtana's contention that he was living in hiding was unpersuasive and that, therefore, the Government had successfully rebutted the presumption of future persecution. We agree. Singh Bhagtana's activities following relocation included driving a taxicab and attending the Mann party's meetings in a Sikh Temple, which cast doubt on his allegation that he was in hiding.

Accordingly, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

_____

THOMAS VINCENT MASSUCCI, New York, NY (Deepti Vithal, *on the brief*), *for Petitioner*.

SPENCER SHUCARD (Brian Boynton, Keith I. McManus, John B. Holt, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *for Respondent.*

———

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner Baljinder Singh Bhagtana ("Singh Bhagtana"), a native and citizen of India, seeks review of a May 8, 2020, decision of the Board of Immigration Appeals ("BIA") affirming a July 20, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT").

The BIA and the IJ both held that Singh Bhagtana had not established a well-founded fear of persecution because he could avoid future persecution by relocating to another part of India. The issue before us, therefore, is whether the agency erred in finding that Singh Bhagtana could safely relocate within India to avoid future persecution or torture and that it would be reasonable for him to do so. The IJ found that Singh Bhagtana had been able to relocate within India twice without incident and had been free from harm in those locations for many years. We agree and conclude that the agency did not err. Accordingly, we deny the petition for review. All pending motions and applications are denied and all stays are vacated.

3

# I.  BACKGROUND

Singh Bhagtana seeks review of the order of the BIA and the decision of the IJ denying his application for asylum, withholding of removal and relief under the CAT.

Singh Bhagtana, a native and citizen of India, entered the United States on August 7, 2015, without a valid entry document or a valid immigrant visa.  He was given a "credible fear interview" on August 25, 2015.

Singh Bhagtana claims that he was persecuted by members of the Bharatiya Janata Party ("BJP"), the governing party in India, because of his support for the Shiromani Akali Dal Amritsar ("Mann") Party, and because he is Sikh.  He testified that he was attacked on three occasions—on December 29, 2008, April 11, 2012, and January 30, 2015—by BJP members in the District of Kapurthala, in the state of Punjab.  He further testified that, as a result of those attacks, he suffered serious injuries, including long-lasting back pain.

After the first attack in December 2008, Singh Bhagtana relocated to Patiala, a city—also in Punjab—where he lived for several years free from harm.  In 2012, he decided to permanently move back to Kapurthala but was attacked again shortly after his return.  In 2013, he applied for a U.S. visa, which was denied.  He then relocated for a few

years to Gurgaon, near New Delhi and in the district of Haryana in northern India, where he safely worked as a taxicab driver. Singh Bhagtana again decided to permanently return to Kapurthala and was attacked in January 2015. Subsequently, he left India and travelled to the United States.

## II. DISCUSSION

### A. Applicable Law

"When the BIA issues an opinion, 'the opinion becomes the basis for judicial review of the decision of which the alien is complaining.'"[1] And when, as here, the decision of the BIA is consistent with the decision of the IJ, we may consider both decisions "for the sake of completeness . . . ."[2]

We review the agency's factual findings under the substantial evidence standard.[3] Congress has specified that "the administrative findings of fact are conclusive unless any reasonable adjudicator

---

[1] *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) (quoting *Niam v. Ashcroft*, 354 F.3d 652, 655 (7th Cir. 2004)).

[2] *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

[3] *See Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir. 2005) (per curiam).

5

would be compelled to conclude to the contrary[.]"[4] Additionally, we have been repeatedly directed to give the IJ significant deference.[5] Accordingly, we "must defer to the factfinder's findings based on 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[6] Review "under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief . . . ."[7] We review legal conclusions de novo.[8]

---

[4] 8 U.S.C. § 1252(b)(4)(B).

[5] *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) ("[S]o long as the record contains contrary evidence of a kind and quality that a reasonable factfinder could find sufficient, a reviewing court may not overturn the agency's factual determination." (internal quotations marks omitted)); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *see generally Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315 (2d Cir. 2006).

[6] *Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[7] *Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 159 (2d Cir. 2005) (internal citations, quotation marks, and alterations omitted).

[8] *Gallina v. Wilkinson*, 988 F.3d 137, 142 (2d Cir. 2021).

6

## B. Analysis

In this matter, we consider whether the agency erred in finding that Singh Bhagtana could safely and reasonably relocate within India. The agency presumed that Singh Bhagtana had suffered past persecution in his home region, which shifted the burden to the Government to rebut the presumption that Singh Bhagtana has a well-founded fear of future persecution on the same basis.[9] The Government can rebut this presumption by establishing, "by a preponderance of the evidence," that the applicant can "avoid future persecution by relocating to another part of the applicant's country of nationality . . ., and under all the circumstances, it would be reasonable to expect the applicant to do so."[10] At the time the case was decided, in determining whether internal relocation would be reasonable, the IJ should have considered, among any other relevant factors, "whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties.

---

[9] *See* 8 C.F.R. § 1208.13(b)(1).

[10] *Id*. § 1208.13(b)(1)(i)(B), (ii); *see also id*. § 1208.16(b)(1)(i)(B), (ii).

Those factors may, or may not, be relevant, depending on all the circumstances of the case, and are not necessarily determinative of whether it would be reasonable for the applicant to relocate."[11]

We hold that the agency's finding that Singh Bhagtana could safely relocate within India is supported by substantial evidence, and conclude that it did not err in holding that Singh Bhagtana had therefore not established a well-founded fear of persecution. *First*, Singh Bhagtana testified that he lived in two cities, one inside and one outside of his home state of Punjab, for a total of five to six years without harm despite continuing to support the Mann party. This Court discerns no reason why he would not be able to relocate to those places again and be free from harm, particularly as there is no legal restriction on internal movement within India. Although Singh Bhagtana contends that he was not harmed when he relocated to Patiala and Gurgaon because he was "living in hiding," the BIA found this claim unpersuasive. We agree. Singh Bhagtana supported the Mann party, even when he was presumably in hiding: he testified that he showed up for party meetings and would regularly go to the Sikh

---

[11] *Id*. § 1208.13(b)(3); *see also id*. § 1208.16(b)(3). We rely on the version of the regulations in effect at the time of the agency's decisions.

Temple to attend those meetings. He also drove a taxi to support his family during his relocation in both cities.

*Second*, the U.S. Department of State's 2016 Country Report on Human Rights Practices in India, which Singh Bhagtana introduced in support of his CAT claim, notes that security forces detained and assaulted some political protestors but not that members of the Mann party or Sikhs advocating for the creation of a sovereign Sikh state, known as Khalistan, were victims of such treatment. We have also repeatedly recognized that Indian citizens such as Singh Bhagtana "[are] unlikely to face persecution for [their] Sikh beliefs and [their] membership in [the Mann Party]" and "any threat faced by [such applicants] in India is not country-wide."[12]

Lastly, Singh Bhagtana's ability to relocate within India is dispositive of the claims of asylum, withholding of removal, and CAT relief because safe relocation precludes a finding of an objectively reasonable fear of future harm.[13]

---

[12] *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006); *see also Singh v. Garland*, 11 F.4th 106, 118 (2d Cir. 2021).

[13] *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b), 1208.16(c)(3); *Singh*, 11 F.4th at 118; *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that where the record does not demonstrate chance of persecution required for asylum, it "necessarily fails to demonstrate" the likelihood of harm for withholding of removal and CAT relief).

### III. CONCLUSION

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.