21-6591
*Choturov v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand twenty-four.

PRESENT:    John M. Walker, Jr.,
            Steven J. Menashi,
                    *Circuit Judges*,
            Nusrat J. Choudhury,
                    *District Judge*.[*]

_____

MEDER    MAKSATBEKOVICH    CHOTUROV,
BURUL  BORONCHIEVA,  EMIR  CHOTUROV,
ARTUR CHOTUROV,

     *Petitioners*,

    v.                                          No. 21-6591

MERRICK  B.  GARLAND,  UNITED  STATES
ATTORNEY GENERAL,

     *Respondent*.

_____

---

[*] Judge Nusrat J. Choudhury of the U.S. District Court for the Eastern District of New York, sitting by designation.

*For Petitioners*:  H. RAYMOND FASANO, Youman, Madeo & Fasano, LLP, New York, NY.

*For Respondent:*  DAVID A. GEIGER, Trial Attorney (Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Jessica D. Strokus, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

Upon due consideration of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioners Meder Maksatbekovich Choturov and Burul Boronchieva, natives of Kyrgyzstan and citizens of Russia, and Emir Choturov and Artur Choturov, natives and citizens of Russia, seek review of a decision of the BIA issued October 12, 2021, affirming a decision of an Immigration Judge ("IJ") that denied Choturov's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Meder Maksatbekovich Choturov et al.*, Nos. A 215 816 456/457/458/459 (B.I.A. Oct. 12, 2021), *aff'g* Nos. A 215 816 456/457/458/459 (Immigr. Ct. N.Y.C. Mar. 29, 2019). We assume the parties' familiarity with the facts and procedural history.

## I

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023) (internal quotation marks omitted). Nevertheless, we have reviewed both the BIA's and the IJ's opinions "for the sake of

completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief. By contrast, we review legal conclusions de novo." *Id.* (internal quotation marks and citation omitted).

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear or likelihood of persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" that persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "[P]ersecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quoting *Ai Feng Yuan v. DOJ*, 416 F.3d 192, 198 (2d Cir. 2005)). It "encompasses a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. DOJ*, 433 F.3d 332, 341 (2d Cir. 2006) (internal quotation marks and alteration omitted). In evaluating past persecution, the agency must consider "the cumulative significance" of the applicant's experiences. *Poradisova v. Gonzales*, 420 F.3d 70, 74 (2d Cir. 2005).

In addition, "[t]o qualify as 'persecution' the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is 'unable or unwilling to control.'" *Scarlett v. Barr*, 957 F.3d 316,

328 (2d Cir. 2020) (quoting *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015)). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh*, 11 F.4th at 114-15 (internal quotation marks omitted).

## II

In this case, substantial evidence supports the agency's determination that Choturov failed to demonstrate past persecution. The IJ found that Choturov's alleged harms failed to meet the standard for past persecution because (1) most of the incidents described by Choturov involved private actors; (2) Choturov failed to establish that the Russian authorities were unable or unwilling to protect him from private actors; and (3) the police extortion suffered by Choturov did not amount to a threat to life or freedom.

In challenging the agency's determination regarding past persecution, Choturov advances three arguments: (1) the agency failed to consider the alleged harms cumulatively rather than separately; (2) there was evidence that he was subject to "extreme threats" amounting to persecution, Petitioner's Br. 18; and (3) the agency overlooked reports that established that Kyrgyz individuals were treated as "second-class" in Russia, *id*. at 20-21. We disagree.

## A

The agency considered the evidence cumulatively. The BIA recognized the proper standard for evaluating past persecution and expressly stated that it "consider[ed] the aggregate harm from both private actors and police" in reaching the conclusion that Choturov failed to establish past persecution. Cert. Admin. R. 4. And substantial evidence supports the agency's conclusion that when considered cumulatively, the alleged harms did not amount to past persecution. Choturov alleged various harms at the hands of private actors. However, the record does not compel the conclusion that the Russian government was unwilling

4

or unable to protect him against those private actors. In particular, the record shows that the Russian government prosecuted and punished a Kyrgyz individual who stole Choturov's passport as well as a Russian taxi driver who called Choturov ethnic slurs and physically injured him. When the record reflects instances of police protection as well as inaction in response to complaints, the record does not compel the conclusion that the government "condoned the action" or was "completely helpless to protect the victims" of private criminal activity. *Scarlett*, 957 F.3d at 332.

Choturov also alleged that the Russian police extorted him on multiple occasions for about $80 to $160 each time. But such extortion did not amount to persecution because there was no evidence that the police physically harmed or threatened to harm Choturov on any of these occasions or that the amount of money involved in the extortion threatened his life or freedom. *See Huo Qiang Chen v. Holder*, 773 F.3d 396, 407 (2d Cir. 2014) ("[E]conomic persecution occurs only when a person is deprived of the necessities of life or rendered impoverished."). Considered together, these alleged harms do not meet the standard for persecution.

**B**

Substantial evidence also supports the agency's conclusion that the threats Choturov experienced did not amount to past persecution. Choturov points to several "extreme threats" by private actors such as his employers, the Russian taxi driver, and the Kyrgyz individual involved in the passport scheme, among others. Petitioner's Br. 18. But these threats were insufficient to amount to past persecution because Choturov failed to demonstrate that the Russian government was unwilling or unable to protect against those private actors.

**C**

Finally, the agency did not overlook the background reports regarding the treatment of Kyrgyz individuals in Russia. As a general matter, "we presume that an IJ has taken into account all of the evidence before him, unless the record

5

compellingly suggests otherwise." *Xiao Ji Chen v. DOJ*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). In this case, however, we need not rely on that presumption because the agency made clear that it considered the country conditions reports in its assessment of Choturov's case. The IJ explicitly stated that he "considered all evidence of record," including Choturov's exhibits, Cert. Admin. R. 92, "whether or not referenced in this decision," *id.* at 93. And both the BIA and the IJ referenced the country conditions reports in their decisions and found that the reports corroborated Choturov's testimony regarding police extortion.

\* \* \*

We have considered Choturov's remaining arguments, which we conclude are without merit. For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6