Singh v. Garland

BIA
Palmer, IJ
A205 586 452

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> STEVEN J. MENASHI,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

GURPREET SINGH,
> *Petitioner,*

> v.                                                            22-6292
>                                                               NAC

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**               Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:**               Brian Boynton, Principal Deputy Assistant Attorney General; Melissa Neiman-Kelting, Assistant Director; Sanya Sarich Kerksiek, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gurpreet Singh, a native and citizen of India, seeks review of a May 23, 2022, decision of the BIA affirming an April 2, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gurpreet Singh*, No. A205 586 452 (B.I.A. May 23, 2022), *aff'g* No. A205 586 452 (Immigr. Ct. N.Y.C. Apr. 2, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023) (internal quotation marks omitted). Nevertheless,

we have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions de novo, and its "factual findings, including adverse credibility findings, under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on ... the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record ..., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*

3

*v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination given (1) inconsistencies that call into question Singh's alleged assault by members of an opposing political party and (2) his lack of reliable corroboration.

First, the agency reasonably relied on inconsistencies related to an alleged assault that called into question whether and when the assault occurred and the severity of the assault. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Singh's testimony was inconsistent as to whether anyone accompanied him to the police station to report the assault. He testified on direct examination that after his assault, his mother treated his "really serious" condition at home, and when asked if he filed a police report, he responded, "[w]e went to file a police report," without specifying who went with him. Certified Administrative Record ("CAR") at 131. On cross-examination, Singh stated that his father accompanied him to the police station on the day of the assault. But when asked why his father's statement did not mention going to the police, Singh changed his testimony, stated he was nervous, and testified that he went to the police alone. Singh's explanations—that he was nervous, misspoke, and that counsel for the Department of Homeland Security ("DHS") provoked the inconsistency by misstating that his written statement

4

reflected that his father went with him to the police—are not compelling because Singh testified that he went to the police with his father before DHS counsel referenced his written statement. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (internal quotation marks omitted).

The agency also reasonably relied on an inconsistency about when Singh applied for a visa at the American embassy in Delhi. Singh initially stated that he applied for the visa after he started receiving threats but before the first assault, and he confirmed that the embassy was five or six hours away by bus and that he was not in any pain when he went. But he changed his testimony when confronted with embassy records that indicated he was there two days after the alleged assault. In addition to the internal inconsistency about whether he applied for the visa before or after the alleged assault, his presence in Delhi two days after the alleged assault calls into question his testimony that he needed days to recover and did not go out for weeks afterward. The agency was not required to credit Singh's explanations—that he was nervous, that it had been a long time, that his

5

"life was in danger," that he "didn't want to tell anyone," and that he had trouble remembering—because those explanations do not compel the conclusion that he testified credibly. CAR at 163; *see Majidi*, 430 F.3d at 80.

Finally, Singh does not challenge the agency's finding that his documentary evidence did not rehabilitate his testimony or the agency's evaluation of his supporting letters. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.") (internal quotation marks omitted). In any event, the agency reasonably relied on the lack of reliable corroboration as further evidence of the lack of credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). And the agency did not err in declining to give weight to the letters because the declarants were unavailable for cross-examination and none of them witnessed the alleged attacks. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters] little weight because the

declarants … were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

In sum, the inconsistencies and the lack of reliable corroboration provide substantial evidence for the adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court