22-6237
Wei v. McHenry

BIA
Palmer, IJ
A208 605 285

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

LIANG QING WEI,
> *Petitioner,*

v.

JAMES R. MCHENRY III, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.**

22-6237
NAC

_____

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General James R. McHenry III is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

FOR PETITIONER: David Garth Sullivan, Esq., Demidchik Law Firm, PLLC, Flushing, NY.

FOR RESPONDENT: Brian Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Lynda A. Do, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liang Qing Wei, a native and citizen of the People's Republic of China, seeks review of an April 18, 2022, decision of the BIA affirming a May 3, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal.[1]  *In re Liang Qing Wei,* No. A208 605 285 (B.I.A. Apr. 18, 2002), *aff'g* No. A208 605 285 (Immig. Ct. N.Y.C. May 3, 2019).   We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as supplemented by the BIA.   *See Chen v. Garland*, 75 F.4th 109, 112 (2d Cir. 2023).

---

[1] Wei did not assert a claim for protection under the Convention Against Torture on appeal to the BIA or in his brief here.

2

We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Bhagtana v. Garland*, 93 F.4th 592, 594 (2d Cir. 2023). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum must establish past persecution or a well-founded fear of persecution on account of a protected ground. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). Wei asserted that family planning officials forced his wife to undergo sterilization and fined them after the birth of their second child in the 1990s, and that government officials physically attacked and sought to arrest him in 2014 for opposing government corruption in the exercise of eminent domain powers. The agency did not err in finding that Wei failed to satisfy his burden of establishing that the harm he suffered rose to the level of persecution or that his fear of future persecution is well-founded.

"Persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). A valid claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-

3

threatening violence and physical abuse," but the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (quotation marks and brackets omitted). "'[T]he difference between harassment and persecution is necessarily one of degree,' [and] the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (citation omitted) (quoting *Ivanishvili*, 433 F.3d at 341). "[W]hile a severe fine can amount to economic persecution, an alien claiming to have suffered *past* persecution must show more than the imposition of such a fine; he must show that payment of the fine (or efforts to pay or collect it) actually deprived him of the basic necessities of life or reduced him to an impoverished existence." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 400 (2d Cir. 2014).

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution based on "a reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 1208.13(b)(2)(i)(B). To demonstrate that reasonable possibility, an applicant must show either that he would be "singled out individually for persecution" or that the country of removal has a "pattern or

4

practice" of persecuting "similarly situated" individuals. *Id*. § 1208.13(b)(2)(iii).

Wei was not eligible for asylum based on his wife's forced sterilization. *See Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 309–10 (2d Cir. 2007). To qualify for asylum, Wei was required to demonstrate that (1) he engaged in "other resistance" to the family planning policy, and (2) he suffered harm rising to the level of persecution or had a well-founded fear of suffering such harm as a direct result of his resistance. 8 U.S.C. § 1101(a)(42); *see Shi Liang Lin*, 494 F.3d at 313; *Matter of J-S-*, 24 I. & N. Dec. 520, 523 (A.G. 2008).

Assuming that Wei was targeted for resisting the family planning policy, the agency did not err in finding that he failed to demonstrate that he suffered persecution as a result because he did not testify that family planning officials caused him to personally suffer severe physical, emotional, or economic harm. *See Mei Fun Wong*, 633 F.3d at 72; *Ivanishvili*, 433 F.3d at 341; *Huo Qiang Chen*, 773 F.3d at 400. Wei did not assert a fear of future harm under the family planning policy, admitting that family planning officials had not interacted with him or his wife between 1998, when his wife was sterilized, and when they left China in 2019.

Nor did Wei establish past persecution or a well-founded fear of persecution based on his opposition to the government's taking of land. "[O]pposition to

5

government corruption may constitute a political opinion, and retaliation against someone for expressing that opinion may amount to political persecution." *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 547–48 (2d Cir. 2005). Assuming Wei was targeted for opposing corruption when he expressed his objection to the government's reclamation of land it had let him farm, the agency did not err in finding that he failed to demonstrate that he suffered persecution as a result because he alleged only bruising in a confrontation with truck drivers who were hired by the government to dump construction waste on the disputed land. *See Mei Fun Wong*, 633 F.3d at 72; *cf. Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding no error in the agency's determination that an alien failed to establish past persecution when "*prior* to his arrest and detention by local police, he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"). The agency also reasonably found that Wei did not suffer economic persecution as a result of the government's exercise of eminent domain given his testimony that he was able to pay a smuggler hundreds of thousands of renminbi to travel to the United States with his wife by selling one of his two houses and his car. *See Huo Qiang Chen*, 773 F.3d at 400, 405.

As to a well-founded fear of future persecution, the agency reasonably found that Wei failed to establish that he would be singled out for persecution because he and his wife testified that police last looked for him in February 2016, and he did not provide evidence that police remained interested in him at the time of his May 2019 hearing, more than three years later. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Further, aside from the two village representatives who complained to provincial authorities, Wei did not allege that any other villagers who protested or complained with him had been harmed or arrested. *See id*. Wei's failure to establish a well-founded fear of persecution was dispositive of asylum and withholding of removal. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010) (holding that an applicant who "fails to demonstrate the . . . chance of persecution required for the grant of asylum, . . . necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal" (quotation marks and citations omitted)).

As a final matter, the BIA did not err in declining to consider the country conditions evidence Wei submitted for the first time on appeal. *See* 8 C.F.R.

§ 1003.1(d)(3)(iv) (providing that the BIA does not engage in factfinding); *Matter of Fedorenko*, 19 I. & N. Dec. 57, 74 (B.I.A. 1984) (recognizing that, as an appellate body, the BIA may decline to review evidence proffered for the first time on appeal); *see also De La Rosa v. Holder*, 598 F.3d 103, 108 n.2 (2d Cir. 2010) (noting that it is improper for the BIA to consider new evidence on appeal).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8