*Zheng v. Bondi*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand twenty-five.

PRESENT:
        BARRINGTON D. PARKER,
        RICHARD J. SULLIVAN,
        JOSEPH F. BIANCO,
           *Circuit Judges.*

---

DEGUAN ZHENG,

        *Petitioner,*

        v.                             No. 23-6195

PAMELA BONDI, United States Attorney General,

        *Respondent.*

---

**For Petitioner:**                    GARY J. YERMAN, New York, NY.

**For Respondent:**                    JONATHAN A. ROBBINS, Assistant Director (Craig W. Kuhn, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the petition for review is **DENIED**.

Petitioner Deguan Zheng, a native and citizen of the People's Republic of China, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Deguan Zheng*, No. A205 220 819 (B.I.A. Feb. 9, 2023), *aff'g* No. A205 220 819 (Immigr. Ct. N.Y.C. Nov. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

"Where, as here, the BIA affirms an IJ's removal order and closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 403 (2d Cir. 2014) (internal quotation marks omitted). We review the agency's factual findings for substantial evidence, and we review questions of law and the application of law

2

to fact *de novo*. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *see also Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) ("A determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding."). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum must establish past persecution or a well-founded fear of persecution on account of a protected ground. *See id.* §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). Because Zheng did not allege past persecution, he had the burden to demonstrate a well-founded fear of future persecution by showing a "fear of persecution in his . . . country of nationality" and "a reasonable possibility of suffering such persecution if he . . . were to return to that country." 8 C.F.R. § 1208.13(b)(2)(i). To make that showing, an applicant must "establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). "Objective reasonableness entails a showing that a reasonable person in the petitioner's circumstances would fear persecution if returned to his native country." *Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 128 (2d Cir. 2005). A "fear may be well-founded even if there is only a slight, though

discernible, chance of persecution." *Diallo v. I.N.S.*, 232 F.3d 279, 284 (2d Cir. 2000).

An applicant can establish a well-founded fear of future persecution by showing either (1) a "reasonable possibility" that he would be "singled out individually for persecution," or (2) a "pattern or practice . . . of persecution of a group of persons similarly situated to the applicant." 8 C.F.R. § 1208.13(b)(2)(iii); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). Where, as here, the applicant's claim is based on activities undertaken after his departure from his country of origin, establishing a well-founded fear also requires "some showing that authorities in [the applicant's] country of nationality are either aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

Zheng, who began practicing Christianity only after he arrived in the United States, conceded before the agency that Chinese authorities do not know that he is a Christian. Instead, he testified that if he were returned to China, he would attend an underground church and proselytize in public, giving rise to a reasonable possibility that the Chinese government would likely learn of these activities and persecute him as a result.

We see no error in the agency's determination that Zheng failed to carry his burden of showing that the Chinese government is likely to become aware of his practice of Christianity and persecute him on that basis. Zheng asserts that the agency erred because he credibly testified that he will publicly proselytize in China, participate in an underground church, and pray loudly in his home. He also contends that the Chinese government has a pattern or practice of persecuting Christians who engage in these activities.[1] Zheng thus claims that if he is returned to China and preaches in public places, the Chinese government is likely to discover his religious activities, in part because individuals "would not hesitate to report [his] religious activities" to the authorities. Zheng Br. at 16–17. But this claim depends on a speculative chain of events. *See Jian Xing Huang*, 421 F.3d at 129 (holding that a fear lacking "solid support" in the record is merely "speculative at best"). While reasonable factfinders could reach different conclusions based on the record, we cannot say the agency was *compelled* to find a reasonable possibility that every link in this chain of events would occur. *See Bhagtana v. Garland*, 93 F.4th 592, 594 (2d Cir. 2023) ("[W]e will

---

[1] In support of his pattern-or-practice arguments, Zheng repeatedly cites to additional evidence of country conditions outside of the agency record, and asks that we take judicial notice of such evidence. But the law is clear that we must "decide [a] petition only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A).

uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that *no* reasonable factfinder could fail to find him eligible for relief." (emphasis added) (internal quotation marks omitted)).

Accordingly, we will not disturb the agency's conclusion that Zheng fell short of making the required showing with respect to his fear of future persecution. Zheng's failure to demonstrate a well-founded fear of persecution is dispositive of his claims for asylum, withholding of removal, and CAT protection because all three claims were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (explaining that an applicant who fails to demonstrate the risk of persecution required for asylum "necessarily" fails to satisfy the higher standards for withholding of removal and CAT relief).

\* \* \*

We have considered Zheng's remaining arguments and find them to be without merit. Accordingly, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6