Singh v. Bondi

BIA
Thompson, IJ
A206 086 351

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

MALKREET SINGH,
> *Petitioner,*

v.                                                        **23-6358**
                                                          **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Sarah A. Byrd, Senior Litigation Counsel; Sarah E. Witri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Malkreet Singh, a native and citizen of India, seeks review of a March 23, 2023, decision of the BIA affirming a July 11, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Malkreet Singh*, No. A206 086 351 (B.I.A. Mar. 23, 2023), *aff'g* No. A206 086 351 (Immigr. Ct. N.Y.C. July 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023) (internal quotation marks omitted). Nevertheless, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse

2

credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, ... the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions) ... without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

3

Singh alleged that members of the Congress Party attacked him twice in 2013 on account of his support for another political party. Substantial evidence supports the agency's determination that Singh was not credible.

The IJ reasonably relied in part on Singh's demeanor, finding him unresponsive and evasive throughout his testimony and identifying inconsistencies that arose throughout. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Jin Chen v. DOJ*, 426 F.3d 104, 113 (2d Cir. 2005) (deferring "to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor"); *Li Hua Lin v. DOJ*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). The IJ reasonably found Singh's evidence inconsistent regarding whether he was first attacked in January or July of 2013, whether his second attack occurred in September or December of that same year, whether he walked or was carried to a medical clinic after his first attack, what date he received treatment after his second attack, and whether he was threatened and reported those threats to police after his second attack. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing

4

that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *see also Hong Fei Gao*, 891 F.3d at 79 (identifying "probative value of the omission of certain facts" for making a credibility determination when the "facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances").

The IJ was not compelled to credit Singh's explanation that certain issues with his testimony should be excused because he was distraught due to his brother's death the week before the hearing given that Singh's evidence was inconsistent regarding the existence of that brother. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (internal quotation marks omitted). Neither his initial nor amended application listed his brother despite listing another brother and a sister and having several empty spaces to include additional siblings. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see Hong Fei Gao*, 891 F.3d at 78-79.

Having questioned Singh's credibility, the IJ reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An

applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ noted, affidavits from Singh's mother and the medical professional who allegedly treated him after an attack were inconsistent with his testimony, and these and other affiants were not available for cross-examination. *See Likai Gao*, 968 F.3d at 149 ("[T]he IJ acted within her discretion in according [the affidavits] little weight because the declarants (particularly [the petitioner's] wife) were interested parties and neither was available for cross-examination."). Furthermore, the BIA did not err in declining to consider the three birth certificates for his siblings and the death certificate for his brother that he submitted for the first time on appeal because he neither explained how this evidence would overcome the adverse credibility determination or why he failed to list his one brother in his applications, nor showed that the evidence was previously unavailable as required for remand. *See Li Yong Cao v. DOJ.*, 421 F.3d 149, 156-57 (2d Cir. 2005) (explaining that an applicant seeking remand for consideration of new evidence must show that the evidence is material, "previously unavailable," and likely "would alter the result in the case").

6

The IJ's demeanor finding, the inconsistencies, and the lack of corroboration provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 78-79; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7