Lucero-Lucero v. Bondi

BIA
Lazare-Raphael, IJ
A220 999 551/555/585/586/587

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

LUIS ALFREDO LUCERO-LUCERO,
GLADIS PIEDAD FAREZ-ONCE,
ERICK ALEXANDER LUCERO-FAREZ,
ABRAHAM MATEO LUCERO-FAREZ,
EIDAN ALFREDO LUCERO-FAREZ,
> *Petitioners,*

> v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

23-8092
NAC

_____

FOR PETITIONERS:   Judy Resnick, Law Office of Judy Resnick, Far Rockaway, NY.

FOR RESPONDENT:   Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Keith I. McManus, Assistant Director, Rosanne M. Perry, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Alfredo Lucero-Lucero, his wife Gladis Piedad Farez-Once, and their minor children, all natives and citizens of Ecuador, seek review of a decision of the BIA dated December 4, 2023, that affirmed a decision of an Immigration Judge ("IJ") dated December 8, 2022, denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Luis Alfredo Lucero-Lucero et al.*, Nos. A220-999-551/555/585/586/587 (B.I.A. Dec. 4, 2023), *aff'g* Nos. A220-999-551/555/585/586/587 (Immigr. Ct. N.Y.C. Dec. 8, 2022).[1]

---

[1] We do not address CAT relief because Lucero-Lucero does not address that issue in his brief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.") (internal quotation marks omitted).

We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Singh v. Bondi*, 139 F.4th 189, 196 (2d Cir. 2025) (quoting *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023)). Nevertheless, we have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). Because Congress has specified that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), we review factual findings "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021).

An applicant for asylum or withholding of removal bears the burden of establishing past persecution or a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). "To

3

qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Singh*, 11 F.4th at 114 (internal quotation marks omitted). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Id.* at 114-15 (internal quotation marks omitted).

Although Lucero-Lucero acknowledges that the agency denied relief because his harm did not rise to the level of persecution, he does not challenge that finding. He instead argues that the government failed to rebut a presumption of a well-founded fear of future persecution because the IJ found that he was credible and that he was harmed on account of his race and political opinion. However, a rebuttable presumption arises only *after* past persecution has been established. *See* 8 C.F.R. § 1208.13(b)(1). And Lucero-Lucero's arguments about past persecution— that the IJ "erred in failing to properly weigh the vulnerability of indigenous people and opposition party members in Ecuador," failed to take his claims of

4

harm seriously, and "relied on observations that were conclusory, speculative, or irrelevant"—are conclusory and in any event do not raise factual or legal questions about whether his past harm rose to the level of persecution. He has thus abandoned review of the agency's finding on this point. *See Debique*, 58 F.4th at 684.

Moreover, even if Lucero-Lucero had established sufficiently severe harm to constitute persecution, substantial evidence would still support the agency's unable-or-unwilling finding. Lucero-Lucero testified that he was attacked twice by members of an opposition political party, but members of an opposing party are not state actors. *See Singh*, 11 F.4th at 115 ("An applicant's allegation that he was persecuted by members of a political party—even one that is in power nationally or … is aligned with a party in power nationally—does not establish that the applicant was persecuted by the government."). And the police took steps to investigate the attacks: The police brought him to the hospital after the first attack, waited to speak with him, issued reports regarding both attacks, notified the local police chapter of a "ticket for protective measures," and recommended that he pursue his case with the local prosecutor's office.

As a result, Lucero-Lucero did not establish that the Ecuadorian government "condoned" his abuse or "demonstrated a complete helplessness to protect" him. *Id.* at 115 (quoting *Galina v. INS*, 213 F.3d 955, 958 (7th Cir. 2000)). "[T]he unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime, or difficulty controlling private behavior," *Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) (internal quotation marks and alterations omitted), and "[t]he 'complete helplessness' formulation … ensures that a government is not charged with persecution for failing to provide a particular standard of protection, or for lapses in protection," *id.* at 333. Lucero-Lucero argues that the IJ failed to consider police corruption, but he identifies no evidence or testimony that shows police corruption, let alone record evidence "so compelling that no reasonable factfinder could fail to find him eligible for relief." *Singh*, 11 F.4th at 113 (quoting *Mu Xiang Lin v. DOJ*, 432 F.3d 156, 159 (2d Cir. 2005)).

Lucero-Lucero additionally argues that the IJ showed "impermissible bias and speculation" and that his due process rights were violated because the IJ and the BIA decisions are "manifestly contrary to law." These claims are conclusory and lack merit. Rulings unfavorable to the petitioner do not establish bias, *see*

6

*Liteky v. United States*, 510 U.S. 540, 555 (1994), and Lucero-Lucero does not explain how he "was denied a full and fair opportunity to present [his] claims or that the IJ or BIA otherwise deprived [him] of fundamental fairness," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court