23-6897
*Singh v. Bondi*

BIA
Palmer, IJ
A208 270 795

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand twenty-five.

PRESENT:
RICHARD J. SULLIVAN,
ALISON J. NATHAN,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

MANPREET SINGH,
*Petitioner,*

v.

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

23-6897
NAC

1

**FOR PETITIONER:**    Thomas V. Massucci, Esq., New York, NY.

**FOR RESPONDENT:**    Brian Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Gregory A. Pennington, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Manpreet Singh, a native and citizen of India, seeks review of a July 14, 2023, decision of the BIA affirming an August 22, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Manpreet Singh,* No. A 208 270 795 (B.I.A. July 14, 2023), *aff'g* No. A 208 270 795 (Immig. Ct. N.Y. City Aug. 22, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact

2

are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Asylum and withholding of removal require a showing of past persecution or a fear of future persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(a)–(b), 1208.16(b). An applicant who has suffered past persecution is presumed to have the fear of future persecution required for asylum and withholding of removal. 8 C.F.R. §§ 1208.13(b)(1), 1208.16(b)(1)(i). The presumption may be rebutted where a preponderance of the evidence establishes that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country . . . and under all the circumstances, it would be reasonable to expect the applicant to do so." *Id.* § 1208.13(b)(1)(i)(B); *see also id.* § 1208.16(b)(1)(i)(B). The Department of Homeland Security ("DHS") has the burden of rebutting the presumption of future persecution. *Id.* §§ 1208.13(b)(1)(ii), 1208.16(b)(1)(ii). [1] "An alien's ability to relocate safely

---

[1] Citations are to the regulations in effect at the time Singh filed his application. Changes to the law in 2021 amendments are not retroactively applicable to applications, like Singh's, filed before the January 11, 2021, effective date of the amendments. *See* Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, 85 Fed. Reg. 80274, 80281–80282, 80380 (Dec. 11, 2020).

constitutes a ground, in and of itself, on which an IJ's denial of [asylum and] withholding of removal may be based." *Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir. 2007). A CAT applicant always bears the burden of showing that he is "more likely than not" to be tortured. 8 C.F.R. § 1208.16(c)(2). Internal relocation is relevant to CAT relief in that the agency considers the ability to safely relocate in determining the likelihood of torture. *Id.* § 1208.16(c)(3)(ii).

Here, substantial evidence supports the agency's internal relocation finding. *See Surinder Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006). Singh alleges that the Bharatiya Janata Party ("BJP") killed his father in a car crash and assaulted and threatened him because of their support for the Shiromani Akali Dal Amritsar Party ("Mann Party"). But Singh successfully relocated to Delhi, where he lived unharmed for three months and continued to go to temple and Mann Party meetings. Although he received two threatening calls while in Delhi, they were to the same cell phone he had while living in Punjab. He reported the first assault to the police in Punjab, but did not complain to other authorities or report either the threats he received while in Delhi or the second attack after returning to Punjab.

4

Singh now argues that his stay in Delhi was too brief to support a finding that it would be safe for him to relocate, and that he was not harmed in Delhi because he hid and did not engage in Mann Party activity.[2]  His arguments lack merit.  Contrary to Singh's claims, he testified that he attended temple and Mann Party meetings in Delhi.  *See* Certified Administrative Record at 4.  Moreover, the two "threatening" phone calls he purportedly received were to the same cell phone he had in Punjab, and the callers—who were members of the local BJP in his hometown in Punjab—gave no indication that they knew his location (other than in the city of Delhi) or had the means to figure it out.  *See Bhagtana v. Garland*, 93 F.4th 592, 595 (2d Cir. 2023).  The record also includes evidence of protections the Indian government extends to religious minorities, which support the agency's conclusion that Singh can live safely in Delhi.  *See* Certified Administrative Record at 239 (2017 Int'l Religious Freedom Report) ("Federal law provides minority community status to . . . Sikhs."), 319 (2018 Law Library of Congress Report on Feasibility of Relocation of Sikhs and Members of the Mann Party)

---

[2] While internal relocation is a two-part inquiry—whether an applicant can safely relocate to avoid persecution, and whether relocation would be reasonable under the circumstances—Singh has explicitly declined to address the second step of the inquiry here.  *See* 8 C.F.R § 1208.13(b)(1)(i)(B).

5

("There appear to be no legal obstacles for members of the Sikh faith to relocate . . . and [o]nly hard-core militants appear to be of interest to central Indian authorities."). Thus, as in similar cases, the record supports the agency's conclusion that Sikhs and Mann Party supporters can safely relocate to avoid persecution. *See Jagdeep Singh v. Garland*, 11 F.4th 106, 117–18 (2d Cir. 2021); *Surinder Singh*, 435 F.3d at 219.

Singh's ability to safely relocate is dispositive of asylum, withholding of removal, and CAT relief. *See Jagdeep Singh*, 11 F.4th at 118. For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6