20-3841(L)
Lopez Leal v. Bondi

BIA
Thompson, IJ
A208 167 049

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty-five.

PRESENT:
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

ESDRAS JONAS LOPEZ LEAL,
> *Petitioner,*

v.                                                          20-3841(L); 23-6763(Con)
                                                            NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Paul O'Dwyer, Law Office of Paul O'Dwyer P.C., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division; Jennifer Khoui, Senior Litigation Counsel; Song Park, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Esdras Jonas Lopez Leal, a native and citizen of Guatemala, seeks review of a June, 14, 2023, decision of the BIA denying his motion to reopen his removal proceedings and an October 20, 2020, decision of the BIA affirming an October 10, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Esdras Jonas Lopez Leal*, No. A 208 167 049 (B.I.A. June 14, 2023), (B.I.A. Oct. 20, 2020), *aff'g* No. A 208 167 049 (Immigr. Ct. N.Y.C. Oct. 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

I.    20-3841

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Singh v. Bondi*, 139 F.4th

189, 196 (2d Cir. 2025) (quoting *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023)).

Nevertheless, "where the BIA summarily affirms the decision of the IJ … we review the judgment of the IJ as modified by the BIA's decision—that is, minus [any] argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the lead petition.

Lopez Leal alleged that the mayor of his town was involved in drug trafficking, chose him to deliver drugs because he was a Christian, and then beat and threatened him when he abandoned the drugs. "The burden of proof is on the applicant [for asylum and withholding of removal] to establish that … race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109-14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of removal). An applicant must prove "a sufficiently strong nexus"

3

between the suffered harm and a protected ground. *Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases), the 'at least one central reason' statutory requirement still stands; in other words, an applicant's status as a member of a particular social group still must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022). "A protected ground cannot be 'incidental' or 'tangential' to another reason for harm." *Quituizaca*, 52 F.4th at 114-15 (quoting *In re J-B-N- & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007)). "Whether the requisite nexus exists 'depends on the views and motives of the persecutor.'" *Paloka v. Holder*, 762 F.3d 191, 196-97 (2d Cir. 2014) (quoting <u>Matter of W-G-R-</u>, 26 I. & N. Dec. 208, 224 (BIA 2014)).

Substantial evidence supports the agency's finding that Lopez Leal failed to establish a nexus to a protected ground. *See Quituizaca*, 52 F.4th at 115 (requiring that the petitioner "show 'that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution'") (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992)). The IJ found credible Lopez Leal's testimony, including his belief that he was targeted because he was

4

Christian, but the IJ reasonably determined that his attackers' actions and words indicated that they targeted him because of their interest in trafficking drugs rather than his religion. *See Garland v. Ming Dai*, 593 U.S. 357, 366 (2021) ("[T]he agency, like any reasonable factfinder, is free to credit part of a witness'[s] testimony without necessarily accepting it all.") (internal quotation marks and alteration omitted). The IJ's finding is supported by Lopez Leal's testimony because according to that testimony (1) his attackers never mentioned his religion when they came to his home to find out where the drugs were, (2) they beat and threatened him when they learned the drugs were lost, and (3) they demanded that he continue to work for them to cover the cost of the drugs. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) (holding that "persecution must be on account of an enumerated ground set forth in the Act, and general crime conditions are not a stated ground"). Accordingly, the evidence does not compel a conclusion contrary to that of the agency. *See Quituizaca*, 52 F.4th at 115. "Because the agency's conclusion finds support in record evidence," a petitioner "cannot secure … relief by pointing to conflicting evidence that might support—but not compel—a different conclusion." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021).

We reject Lopez Leal's argument that the agency did not analyze whether his attackers had "mixed-motives." The agency need not "follow a particular formula or incant magic words" to explain its reasoning. *Ming Dai*, 593 U.S. at 369 (internal quotation marks omitted). Here, the decision reflects that the IJ considered the attackers' motives given his statements that the "evidence does not reflect that it was [Lopez Leal's] religion that motivated [his attacker] in any way" and that "the main purpose and quite frankly the sole purpose of [his attacker]'s interest in [Lopez Leal] was for his labor and to advance that criminal enterprise." The nexus finding is dispositive of asylum and withholding of removal, *see Quituizaca*, 52 F.4th at 109-14, and Lopez Leal does not dispute the BIA's conclusion that he did not raise his CAT claim on appeal.

II. 23-6763

Lopez Leal instead moved to reopen proceedings for further consideration of his CAT claim. We review the BIA's denial of a motion to reopen for abuse of discretion and review a determination regarding country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from

6

established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). We review constitutional claims de novo. *See Luna v. Holder*, 637 F.3d 85, 102 (2d Cir. 2011).

A "motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); *see also* 8 C.F.R. § 1003.2(c)(1)-(2). A motion to reopen ordinarily must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lopez Leal's May 2021 motion was untimely because he sought reopening of the BIA's October 2020 decision. "Claims of ineffective assistance of counsel may provide a sufficient basis for equitable tolling of the 90-day period," *Jian Hua Wang v. BIA*, 508 F.3d 710, 714 (2d Cir. 2007), and the deadline will also not apply when reopening is sought to reapply for asylum and related relief based on material changes in the country of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3). We deny the petition because the BIA did not err in concluding that Lopez Leal failed to establish that either exception applied.

7

A. Ineffective Assistance of Counsel

The time to file a motion to reopen may be tolled based on ineffective assistance of counsel. To establish ineffective assistance, however, Lopez Leal needed to demonstrate that "counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing in violation of the fifth amendment due process clause." *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) (alterations omitted) (quoting *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994)). That requires a showing "that competent counsel would have acted otherwise" and "that he was prejudiced by his counsel's performance." *Id.* at 131 (quoting *Rabiu*, 41 F.3d at 882). To maintain an ineffective assistance of counsel claim, a movant must also comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). *See Jian Yun Zheng v. DOJ*, 409 F. 3d 43, 45 (2d Cir. 2005).

Even assuming that Lopez Leal complied with the procedural requirements, he failed to establish that his counsel's performance was deficient. "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). "[C]ourts may not indulge *post hoc* rationalization for counsel's decision making that contradicts the available

8

evidence of counsel's action, neither may they insist counsel confirm every aspect of the strategic basis for his or her action." *Harrington v. Richter*, 562 U.S. 86, 109 (2011). We acknowledge that Lopez Leal's former counsel submitted a letter stating that she "neglected" to argue the CAT claim on appeal and that she "regret[ted]" that because, "even if it had not been successful, it would at least have been preserved for further appellate review." But after a loss, "even the most experienced counsel may find it difficult to resist asking whether a different strategy might have been better, and, in the course of that reflection, to magnify their own responsibility for an unfavorable outcome." *Id*.

The record otherwise supports the conclusion that Lopez Leal's counsel's decision not to appeal the denial of the CAT claim was reasonable. Contrary to Lopez Leal's argument, the IJ denied CAT relief on different grounds than asylum and withholding of removal, finding that Lopez Leal could internally relocate to avoid his attackers. And the record at the time supported the IJ's conclusion because Lopez Leal's attacker was a mayor and there was no evidence he had power outside of Lopez Leal's hometown. Lopez Leal's evidence that his attacker is now a senator and is linked to a transnational criminal organization postdates his hearing, so his former counsel could not have addressed that evidence and it

does not support the conclusion that his counsel acted unreasonably. Moreover, the new evidence shows that his attacker has been suspected of criminal activity in his hometown rather than throughout the country, so it does not undercut the IJ's finding that Lopez Leal could avoid his attacker by relocating within Guatemala.

Lopez Leal has not met his burden of showing that his prior counsel's representation "fell below an objective standard of reasonableness" because she did not raise an argument that was unlikely to succeed. *Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023) (quoting *Strickland*, 466 U.S. at 669); *see also Harrington*, 562 U.S. at 110 ("[A]n attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities.").

We also see no error in the BIA's conclusion that Lopez Leal's prior counsel's failure to introduce additional evidence in support of the CAT claim caused prejudice. A movant "must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Harrington*, 562 U.S. at 104 (internal quotation marks omitted). "It is not enough to show that the errors had some conceivable effect on the outcome of the

proceedings." *Id*. (internal quotation marks omitted).

Lopez Leal argues that his prior counsel could have introduced evidence that his attacker was involved in drug trafficking and corruption, but that evidence does not establish that Lopez Leal could not relocate *anywhere* in Guatemala to avoid torture. To the contrary, the additional evidence that counsel could have presented supports the IJ's relocation finding, which is dispositive of CAT relief. The evidence reflects that Guatemala's constitution provides for freedom of internal movement which the government respects and that the police arrest gang members, prosecute corrupt officials, and investigate drug tracking organizations, albeit with mixed success. *See Singh v. Garland*, 11 F.4th 106, 118 (2d Cir. 2021) (explaining that an applicant's "ability to relocate internally means that he cannot establish a likelihood of torture").

B. <u>Changed Country Conditions</u>

The deadline for a motion to reopen does not apply if reopening is sought to apply for relief "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R.

11

§ 1003.2(c)(3). "When reviewing whether [the new] evidence establishe[s] changed country conditions, the BIA must 'compare evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007)).

The BIA reasonably found that conditions in Guatemala had not materially worsened since Lopez Leal's 2018 hearing. He attached articles from 2021 reporting that Guatemalan authorities intercepted phone calls between his attacker and a transnational criminal network, but the same article notes that authorities arrested numerous members of that network who were involved in drug trafficking, suggesting that authorities would not acquiesce to Lopez Leal being tortured. Although an article reports that his attacker was suspected in a triple homicide but remains free, that conduct occurred in Lopez Leal's hometown and does not undercut the conclusion that Lopez Leal could internally relocate. These conditions are similar to those described in the evidence before the IJ—that crime and corruption are commonplace, but anticorruption efforts are sometimes successful. Ultimately, a comparison of the evidence that Lopez Leal submitted before the IJ and that he submitted with his motion to reopen shows little change

12

in conditions in Guatemala. *See id.*; *see also Matter of S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions [to reopen or to remand].").

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court